[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-13330
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cr-00108-MCR-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNNIE HILL CALLAHAN, III,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 25, 2020)

Before GRANT, LUCK and BLACK, Circuit Judges.

PER CURIAM:

Johnnie Hill Callahan, III appeals his 240-month sentence for conspiracy to distribute and possess with intent to distribute a controlled substance, two counts of distribution of a controlled substance, distribution of and possession with intent to distribute a controlled substance, possession with intent to distribute a controlled substance, possession of a firearm in furtherance of a drug trafficking crime, and possession of a firearm by a convicted felon.  Callahan asserts the district court clearly erred when it applied a two-level sentence enhancement because it found that he maintained a premises for the purpose of distributing drugs.  After review,[1] we affirm the district court.

Section 2D1.1(b)(12) of the Guidelines adds a two-level enhancement "[i]f the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance," including storage of a controlled substance for the purposes of distribution.  U.S.S.G. § 2D1.1(b)(12) & comment. (n.17).  Commentary to § 2D1.1(b)(12) provides that the court should consider "whether the defendant held a possessory interest in (*e.g.*, owned or rented) the premises" and "the extent to which the defendant controlled access to, or activities at, the premises."  *Id*. § 2D1.1, comment. (n.17).

---

[1]  Where the district court determines that a defendant maintained a property for the manufacture or distribution of drugs, we review that determination as a finding of fact under the clear error standard.  *United States v. George*, 872 F.3d 1197, 1205 (11th Cir. 2017).  We will not reverse such a finding unless we are left with the "definite and firm conviction that a mistake has been committed."  *United States v. Crawford*, 407 F.3d 1174, 1177 (11th Cir. 2005).

2

The district court did not clearly err when it found Callahan maintained a property to manufacture or distribute drugs. The undisputed facts confirm that Callahan had access to the Tellus storage unit leased by his sister as he used that unit to conduct a drug transaction. Callahan then moved his drugs from the Tellus storage unit to the Oakdale storage unit, which T.J. had leased. Soon after switching storage units, Callahan went to the Oakdale facility on two separate occasions on the same day, once to remove a bag and another time to drop off two bags. In addition, Callahan did not dispute that the drugs, gun, and kilo press found in the storage unit belonged to him. The fact the storage units were leased by K.D. and T.J., while relevant, is not dispositive as Callahan had access to the storage facilities. U.S.S.G. § 2D1.1(b)(12) & comment. (n.17). Thus, the district court did not clearly err when it applied the two-level enhancement as the undisputed facts indicate Callahan maintained control of and had access to the storage facilities he used to distribute his drugs. *See United States v. George*, 872 F.3d 1197, 1205 (11th Cir. 2017). Accordingly, we affirm.

**AFFIRMED.**